# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

vs.                                                    CR No. 09-083-ML

FREDDY LENARDO TOLA

## MEMORANDUM AND ORDER

Freddy Lenardo Tola has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. For the reasons that follow, that motion is denied.

### FACTUAL BACKGROUND AND TRAVEL

On May 15, 2009 law enforcement agents executed a search warrant at an apartment that Tola was known to share with his girlfriend. Agents seized 23.4 grams of heroin, $8,750.00 in cash, two digital scales and packaging material from the kitchen area.

Tola was not present in the apartment during the search but was arrested while driving his motor vehicle a short distance away. He had an additional $1,990.00 in cash in his pocket at the time of his arrest. He was provided with *Miranda* warnings and gave a statement in which he admitted selling heroin but claimed that he was a small-time drug dealer who only dealt in grams. Law enforcement agents reported that shortly after his arrest, Tola told the arresting officers, "Yous guys got the drugs. Yous guys got the money. It's all there."

Tola was charged in a one-count indictment with possession with intent to distribute heroin, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C). Throughout all proceedings in this Court, he was represented by appointed counsel, Charles A. Tamuleviz.

A.  First Plea Agreement and Plea Hearing

On August 7, 2009 Tola pled guilty to the charged offense pursuant to a written plea agreement (Doc. #8). The plea agreement provided that "the controlled substance in this case is 23.4 grams of heroin," and the Government agreed to recommend a term of imprisonment within the guideline range determined by this Court under the sentencing guidelines. (See Plea Agreement dated July 29, 2009 ["7/29/09" Plea Agreement"] at ¶¶ 2.a., 3.b.)

At the change of plea hearing Tola agreed with the facts as recited by the Government, including the amount of drugs seized and the total amount of cash seized from Tola and at the apartment ($10,740). (See Transcript of Change of Plea Hearing conducted on August 7, 2009 ["8/7/09 Plea Tr."] at –18-20.) Tola further acknowledged his understanding that even though his counsel may have provided an estimate of Tola's potential sentence, this Court would decide his sentence and that he could be sentenced to up to 20 years imprisonment. (Id. at 12-13.)

The presentence report (PSR) prepared by the U.S. Probation Office calculated a net offense level of 23 (base level 26, less a three-level reduction for acceptance of responsibility) and a criminal history category VI. This offense level was based on 130.8 grams of heroin, which included a conversion of the $10,740 of cash seized to 107.4 grams of heroin.

Prior to sentencing, Tola's counsel filed an objection to the PSR (Doc. #9) and a motion for specific performance of the plea agreement (Doc. #10), both challenging the conversion of the seized cash to an equivalent amount of heroin in the calculation of the total amount of heroin for which Tola was responsible. At the sentencing hearing, counsel argued that the conversion of the cash was a complete surprise to Tola, given the absence of any provision in the plea agreement expressly addressing this and that therefore, he should only be sentenced on the basis of the 23.4 grams of

heroin mentioned in the plea agreement. (See Transcript of Sentencing Hearing conducted on November 5, 2009 ["11/5/09 Sent. Tr."] at 3-4.) Although it did not agree with this argument, this Court -- with the concurrence of the Government -- permitted Tola to withdraw his guilty plea, and his case was placed on the trial calendar. (Id. at 4-5)

B. New Plea Agreement and Second Plea Hearing

Thereafter, Tola sought and obtained a new plea agreement (Doc.#15) (amended Plea Agreement).[1] The amended Plea Agreement expressly addressed the issue of the consideration of the seized cash and provided in pertinent part:

> 3.d. The defendant understands that the United States will take the position that the total of $10,740 in seized currency represents the proceeds of sale of an additional 107.4 grams of heroin that may be considered by the court as relevant conduct in determining the sentencing guideline range. The Defendant is free to contest that assertion.

(Amended Plea Agreement, ¶ 3.d) The plea agreement also provided that Tola "waived [his] right to file a direct appeal of his conviction and sentence if the sentence imposed by the Court is within the guideline range as determined by the Court or lower." (Id. ¶12.)

At the second plea hearing, in addition to confirming that Tola's plea was voluntary and advising him of the maximum sentence for his offense, this Court reviewed the amended plea agreement with Tola paragraph by paragraph. (See Transcript of Change of Plea hearing conducted on November 20, 2009 ["11/20/09 Plea Tr."] at 5-14.) The Court specifically reviewed paragraph 3.d. concerning the Government's position that the cash seized represented the proceeds of the sale of an additional 107.4 grams of heroin which this Court could consider in determining Tola's

---

[1] Tola appends a copy of his first plea agreement to his motion to vacate. However, as discussed infra, this agreement was rescinded when Tola withdrew his plea, and thus Tola's reliance on that agreement to support his claims is misplaced. The first plea agreement in any event has no bearing on this Court's disposition of Tola's claims in this proceeding.

guideline range, and Tola indicated he understood it. (Id. at 11-12.)² Tola further acknowledged his understanding that even though his counsel may have provided an estimate of Tola's potential sentence, this Court would decide his sentence and that he could be sentenced up to 20 years imprisonment. (Id. at 13-14.) This Court also reviewed the provision stating that Tola waived his right to appeal if the sentence imposed was within the applicable advisory guideline range found by the Court and Tola indicated that he understood this provision. (Id. at 14.) After engaging in this extensive colloquy, this Court accepted Tola's guilty plea. (Id. at 21-22.)

A revised presentence report (revised PSR) again calculated a net offense level of 23 (base level 26, less a three-level reduction for acceptance of responsibility), based on 130.8 grams of heroin, including 107.4 grams from the conversion of the $10,740 of cash seized, with a criminal history category VI. The resulting guideline range was 92-115 months.

At the sentencing hearing Tola disputed the conversion of the cash proceeds into drugs for purposes of calculating his sentence. He presented a witness, Wilmar Vargas, who testified that the money found in the apartment was actually money that Vargas loaned or gave to Tola to buy a car and was not drug proceeds. (See Transcript of Sentencing Hearing conducted on February 25, 2010 ["Sent. Tr."] at 9-15.) Counsel then argued that this testimony refuted the characterization of the cash as drug proceeds. (Id. at 75-81.) This Court rejected Tola's argument and found that the cash was properly converted and considered as relevant conduct. (Id. at 80-81.) The Court then sentenced

---

² The Court stated in pertinent part as to paragraph 12:
THE COURT: And that's what the next paragraph says, paragraph (d), that the government is going to take the position at the time of sentencing that $10,740 seized represents proceeds of an additional – proceeds of sale of an additional 107.4 grams of heroin, which I can take into account in deciding an appropriate sentence for you. Do you understand that?
THE DEFENDANT: I understand that, your Honor.
(11/20/09 Plea Tr. at 11-12)

-4-

Tola to 96 months imprisonment, near the low end of the applicable guideline range of 92-115 months, followed by three years of supervised release. (Id. at 95-97.)

Tola did not appeal. He then filed the instant motion to vacate (Doc. #23). In his motion Tola raises two principal claims: (1) that his counsel was ineffective in failing to object to the use of cash seized at the time of his arrest in calculating his sentence, and (2) that his sentence exceeded that called for under the sentencing guidelines, in violation of the Sixth Amendment. In the memorandum accompanying his motion, Tola also asserted that his counsel failed to file a direct appeal on his behalf after Tola instructed counsel to do so.

The Government filed an objection to the motion (Gov't Objection, Doc. #35). At this Court's direction (see Order dated Feb. 23, 2012 [Doc. #39]), the Government also filed a supplemental objection to the motion to vacate, addressing Tola's assertion that his counsel has failed to file a direct appeal despite Tola's request that he do so. (See Govt's Supplemental Objection, [Doc. #40]). This matter is ready for decision.[3]

## DISCUSSION

Generally, the grounds justifying relief under § 2255 are limited.[4] A court may grant such

---

[3] Although Tola requests a hearing on his failure-to-appeal claim, no hearing is required as to this or any issues raised by this motion to vacate (Pet. Mem. at 4), because, as discussed infra, the files and records of this case, including the supplemental filings, conclusively establish that his claims are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998)(district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted); Panzardi-Alveraz v. United States, 879 F.2d 975, 985 n. 8 (1st Cir. 1989) (no hearing is required where district judge is familiar with case). See also discussion infra at 9-11.

[4] Title 28 U.S.C. § 2255 provides in pertinent part:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
28 U.S.C. § 2255(a).

relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-185 (1979) ("An error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.") (internal quotes omitted).

A motion under § 2255 is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining §2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice" -- or, alternatively, that he is "actually innocent" of the offense for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). See also Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999). Claims of ineffective assistance of counsel, however, are not subject to this procedural hurdle. See Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

This Court first considers Tola's ineffective assistance claims and then addresses Tola's claim regarding the calculation of his sentence.

A. Ineffective Assistance Claims

A petitioner who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

> (1) That his counsel's performance fell below an objective standard of reasonableness; and
> (2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Accord United States v. Manon, 608 F.3d 126 (1st Cir. 2010).

To satisfy the reasonable performance prong, a petitioner "'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional

judgment,' and the court then determines whether, in the particular context, the identified conduct or inaction was 'outside the wide range of professionally competent assistance.'" Manon, 608 F.3d at 131 (quoting Strickland, 466 U.S. at 690). The prejudice prong requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Manon, 608 F.3d at 131 (citing Strickland, 466 U.S. at 695). "A reasonable probability is one sufficient to undermine confidence in the outcome." Id. (internal quotation marks omitted).

1. Failure to Object to Sentence Calculation

Tola first claims that his counsel was ineffective in failing to object to the conversion of the cash seized at his arrest in calculating his sentence and in "failing to object to the [sentencing] enhancement." (Motion to Vacate, Ground One; Petitioner's Pro-Se Motion for Relief pursuant to 28 U.S.C. 2255 ["Pet. Mem."] at 3.)

Both of these claims are flatly refuted by the record. The record shows that prior to the first sentencing hearing, Tola's counsel filed a motion for specific performance of the plea agreement, specifically challenging the conversion of cash seized into a quantity of heroin attributable to Tola, and that, as a result, this Court permitted Tola to withdraw his plea. Thereafter, Tola signed a new plea agreement which expressly referenced the Government's intention to convert the cash seized into an equivalent amount of heroin attributable to Tola (Plea Agreement, ¶ 3.d.).[5] At the new sentencing hearing, counsel presented Wilmer Vargas, Tola's cousin, who testified that the cash proceeds represented a loan from him to Tola for the purchase of a vehicle. (2/25/10 Sent. Tr. at 9-

---

[5] In his papers, Tola states that he was "forced to sign another plea" agreement. (Pet. Mem. at 5.) Even apart from the fact that this claim is not at all developed, it is likewise belied by the record, as this Court specifically questioned Tola concerning the voluntariness of his plea, and he stated that it was voluntary. (See 11/20/09 Plea Tr. at 15.)

15.) Thus, the record shows that Tola's counsel made substantial efforts to challenge the conversion of the cash seized in the calculation of the quantity of heroin attributable to Tola.

The fact that counsel was not successful in his challenge[6] does not render his assistance ineffective. See Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2009) ("The Constitution guarantees only an "effective defense, not necessarily a perfect defense or a successful defense."); Strickland, 466 U.S. at 699 ("So long as a strategy or tactic employed by counsel was reasonable, that tactic is not a ground for attack even if it proved unsuccessful."). See also Myles v. Dahlberg, 937 F.2d 609 (Table) (C.A.6 1991) ("Just because a lawyer loses on a point does not mean that the lawyer was "ineffective" for constitutional purposes."); Campusano v. United States, 2004 WL 1824112 at *4 (S.D.N.Y. Aug.13, 2004) ("The fact that an attorney lost a particular argument cannot be used as a barometer of overall poor performance."). Here there was substantial evidence – including Tola's own admissions at the time of his arrest – that the cash was related to his drug activities.

Tola's further claim that his counsel failed to object to his sentence enhancement is unclear. To the extent that this claim refers to the cash conversion which resulted in a higher offense level in the calculation of his sentence, the argument fails for the reasons set forth above. To the extent Tola is referring to some other enhancement, he provides no other no indication as to what enhancement he is challenging, and thus the claim fails for lack of development. See Cody v. United States, 249 F.3d 47, 53, n. 6 (1st Cir.2001)(ineffective assistance claim raised in a perfunctory manner in §2255 proceeding deemed waived). Cf. United States v. Zannino, 895 F.2d 1, 17 (1st

---

[6] Tola's assertion that this Court "believe[d] petitioner's brother's story" (Pet. Mem. at 3) is inaccurate; rather, this Court indicated at sentencing that it wasn't sure whether or not the testimony concerning a loan by Vargas to Tola was accurate but that even if it was accurate, the loaned money was not used as allegedly intended but rather was used in connection with Tola's drug activities. (2/25/10 Sent. Tr. at 80-81.)

Cir.1990) (arguments not developed on appeal are deemed waived).

2. Failure to File Appeal

Tola also asserts that his counsel failed to file a direct appeal on his behalf after being instructed by Tola to do so. (See Pet. Mem. at 3-4; Motion to Vacate, Ground One, ¶ (b)(2).) In response to this claim, the Government contends that Tola suffered no prejudice from any failure to take an appeal and submits an affidavit of Tola's counsel, Attorney Tamuleviz in support.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court held that an attorney's failure to file an appeal upon being instructed to do so by his client constitutes professionally deficient performance. Id. at 477. The Court further held that when a defendant has not expressly indicated his wishes, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. The Court also noted that a presumption of prejudice applies in the context of a failure-to-appeal claim because an attorney's deficient performance deprives a defendant of his or her opportunity for an appellate proceeding. Id. at 483.

A threshold inquiry here is whether or not Tola expressly requested that his counsel appeal and whether any hearing is necessary to resolve this issue. In his papers, Tola asserts that he "directed his lawyer to put in a direct appeal before leaving the court-room, and the lawyer stated that he would do so, and that he would be coming to visit the petitioner but never did so" (Pet. Mem. at 3) (emphasis added) and that "he instructed his lawyer to file a direct-appeal on the issue of the

monetary conversion." (Id. at 4.)[7] By contrast, Attorney Temulaviz avers in his affidavit that:

> Following the defendant's sentencing on February 25, 2010, I met with the defendant in the U.S. Marshal's cellblock. During that meeting I advised the defendant that in light of the sentence imposed and the terms of his plea agreement, he did not have a viable basis for an appeal. At that time, the defendant indicated he understood what I had said to him and that he was not going to pursue an appeal. At no time during my representation of the defendant did he instruct me to file a direct appeal on his behalf.

Tamuleviz Aff., ¶ 6.

While the respective statements of Tola and his counsel might at first blush appear to create an issue of fact requiring an evidentiary hearing, see Rule 8(a) of the Rules Governing Section 2255 Proceedings, this Court finds that no such hearing is necessary. Even assuming in Tola's favor the accuracy of his statements, the thrust of those assertions is that he requested his counsel to file a direct appeal "before leaving the courtroom" -- i.e., at the conclusion of the sentencing hearing. Attorney Tamuleviz states in his affidavit that after the sentencing hearing was completed, he visited Tola in his cellblock and informed him that there were no viable grounds for appeal, in view of the sentence imposed (within the applicable guideline range) and his plea agreement (providing that Tola waived his right to appeal if the sentence was within the guideline range),[8] and that Tola indicated that he would not seek to file an appeal. (Tamuleviz Aff., ¶ 6.) Tola is silent as to this cellblock meeting. Thus, there is no genuine issue of disputed fact requiring a hearing on whether Tola effectively requested his counsel to appeal or whether counsel consulted with Tola on this matter.

---

[7] This Court notes that the statements in Tola's supporting memorandum are not signed under oath. However, in his motion to vacate -- which is signed under the pains and penalties of perjury -- Tola asserts that "I thought my lawyer had put in my direct appeal, like I ask[ed] him to." (Motion to Vacate, Ground One, ¶ 12(b).) Even if this Court were to accept all of these statements at face value, they do not entitle him to relief, as discussed herein.

[8] There is no dispute that Tola's sentence was near the low end of the applicable guideline range.

See Escudero-Aponte v. United States, 65 Fed.Appx. 333, 336 (1st Cir. 2003) (unpublished) (no error in court's reliance on counsel's statement where statement did not contradict petitioner's assertions in his §2255 motion). Rather, this Court finds that Tola's counsel *did* discuss with Tola whether to take an appeal and that this resulted in a mutual understanding that no appeal would be filed.

This Court further finds that the instant claim also fails in view of the appeal waiver provision in Tola's plea agreement. Because there was no appeal waiver provision in Flores-Ortega, that decision did not address whether its holding would control where the defendant has waived his right to appeal. See United States v. Mabry, 536 F.3d 231, 240 (3d Cir.2008) (noting this fact). Although the First Circuit has not addressed this issue, this Court notes that at least two circuits have found that an appeal waiver provision may preclude an ineffective assistance claim based on counsel's failure to appeal. See Mabry, 536 F.3d at 239-244 (denying failure-to-appeal claim in view of valid appeal waiver provision); Nunez v. United States, 546 F.3d 450 (7th Cir.2008) (same).[9]

It is well established in this Circuit that an appeal waiver provision will be enforced if: (1) the provision is clearly set forth in the plea agreement; (2) the district court questions the defendant "specifically about [his] understanding of the waiver provision and adequately inform[s] [him] of its ramifications;" and (3) no miscarriage of justice will otherwise result. United States v. Chandler, 534 F.3d 45, 49 (1st Cir.2008) (citing United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001)). Here,

---

[9] This Court recognizes that several other circuits have concluded that counsel must file an appeal when requested to do so, even where the defendant has entered into a plea agreement waiving some or all of his appeal rights. See e.g. United States v. Poindexter, 492 F.3d 263, 273 (4th Cir.2007); United States v. Tapp, 491 F.3d 263, 266 (5th Cir.2007); Campusano v. United States, 442 F.3d 770, 777 (2d Cir. 2006); United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir.2005) (noting troubling result). See also this Court's decision in United States v. Falcon, CR 07-147-ML, 2011 WL 777852 (D.R.I. Feb. 28, 2011) (discussing split in authority). Here, however, this Court has concluded, supra, that any request by Tola to appeal was withdrawn after discussion with his counsel.

the first two factors are readily satisfied: the appeal waiver provision (¶ 12) in Tola's plea agreement is clear and unambiguous, and this Court explained the appeal waiver provision to Tola at his plea colloquy.[10] This Court further finds, under the facts and circumstances here, that enforcing this provision will not work any miscarriage of justice. See Mabry, 536 F.3d at 243 (reviewing underlying facts to determine miscarriage of justice factor); Falcon, 2011 WL 777852 at *4-7 (same).[11] See also United States v. Arevalo, No.5:07-153-JMH, 2010 WL 5391459 at *1-*2 (E.D. Ky. Dec. 22, 2010) (denying similar claim where defendant pled guilty and signed plea agreement containing appeal waiver provision).

In short, this Court concludes that (1) in view of the cellblock discussion between Tola and his counsel which culminated in an understanding that no appeal would be pursued, Tola's counsel did not render deficient performance in failing to file a direct appeal; and (2) even if counsel was somehow deficient in failing to do so, there was no prejudice to Tola, given the appeal waiver provision in the plea agreement and the lack of a viable appellate issue. Thus, Tola's ineffective assistance claim based on his counsel's failure to file a direct appeal cannot succeed.

B.   Sentence Calculation Claim

Tola further claims that his sentence exceeded that called for under the Sentencing

---

[10] This Court noted:

THE COURT:   Paragraph number 12. In this paragraph, you are giving up your right to appeal if the sentence I impose is within your guideline range or lower. Do you understand that?
THE DEFENDANT:   Yes, your Honor.
THE COURT:   So if I sentence you to the high end of the guideline range and you think that's too harsh, you cannot go to the Court of Appeals and complain about it because you're giving up that right. Do you understand that?
THE DEFENDANT:   Yes, your Honor.

(11/20/09 Plea Tr. at 14.)

[11] In Falcon, this Court found that a valid appeal waiver provision precluded an ineffective assistance claim based on defense counsel's failure to take an appeal on Falcon's behalf despite Falcon's request that counsel do so. 2011 WL 777852 at *4-*7.

Guidelines, in violation of the Sixth Amendment. (Motion to Vacate, Ground Two.)

This claim fails on both procedural and substantive grounds. Generally, claims of error under the Sentencing Guidelines are not cognizable in a §2255 proceeding, absent a miscarriage of justice. See Knight, 37 F.3d at 771-74. In this case, Tola's offense level was properly calculated based on the weight of the heroin seized and the conversion of cash seized as additional relevant conduct. The sentence imposed was consistent with the agreed upon recommendation of the Government and based on facts admitted by Tola; it was below the applicable statutory maximum sentence, see 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and within the applicable sentencing guideline range.[12] Thus, there is no 'miscarriage of justice' here, and the appeal waiver clause was valid.

It follows that Tola's waiver of his right to raise this claim on direct appeal precludes its consideration in the instant §2255 proceeding. See Knight, 37 F.3d at 773 ("nonconstitutional claim that was not raised on direct appeal may not be asserted by collateral attack under §2255 absent exceptional circumstances") (citations omitted).

Finally, even if the claim could be considered, it is without merit, as this Court's finding that the cash seized was related to the drugs found at Tola's apartment and thus was includable in the amount of drugs attributable to Tola for sentence calculation purposes was supported by ample evidence, including Tola's admissions. In short, this claim is procedurally barred and in any event is meritless.[13]

---

[12] Tola's assertion (Pet. Mem. at 5) that this Court's determination concerning the conversion of cash to drug proceeds was made in "bad faith" is inherently incredible and scurrilous and will not be considered by this Court. See Evans v. United States, No. 07-227-ML, 2008 WL 250586 at *6 (D.R.I. Jan. 29, 2008).

[13] The cases relied on by Tola (see Pet. Mem. at 5-6) are distinguishable and do not assist him. For example, in United States v. Davenport, 445 F.3d 366 (4th Cir. 2006), rev'd on other grounds, Irizzary v. United States, 553 U.S. 708 (2008), the court reversed a sentence that was more than three times the top of the applicable guideline range. Id. at 373. Here, by contrast, the sentence imposed was near the low end of the applicable guideline range.

This Court has considered all of Tola's other arguments and finds them to be without merit.[14]

CONCLUSION

Based on the foregoing considerations, Tola's motion to vacate is hereby DENIED and DISMISSED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA), because Tola has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Tola is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

SO ORDERED:

/s/ Mary M. Lisi
_____
Mary M. Lisi
Chief United States District Judge

Date: May 31, 2012

---

[14] Tola's brief assertion of error because the conversion of cash proceeds was not included in the indictment (Pet. Mem. at 4) is specious, and the decision cited in support is irrelevant and of no assistance. See United States v. Cecil, 608 F.2d 1294, 1297 (9th Cir. 1979) (reversing conspiracy conviction due to "the absence of any factual particularity within the indictment"). It is axiomatic that a plea of guilty precludes all non-jurisdictional challenges to the indictment, including the failure to include drug quantity. See United States v. Lujan, 324 F.3d 27, 30 (1st Cir. 2003) (a guilty plea waives all nonjurisdictional challenges to a criminal conviction); United States v. Cotton, 535 U.S. 625, 629-631 (2002) (claim that indictment was defective because it failed to include drug quantity was not jurisdictional). Moreover, the conversion of cash was a sentence calculation matter which could not be included the indictment in any event.